[Nowhere reported.]

CASE (LANNING v.). See Case No. 8,072.

CASE (MORRISON v.). See Case No. 9,845.

## Case No. 2,493.

### CASE v. NEW ORLEANS & C. R. CO. et al.

[2 Woods, 236.][1]

Circuit Court, D. Louisiana. April Term, 1876.[2]

#### RES JUDICATA.

A creditor's bill which sought to follow as trust money, funds of a bank invested by its officers in a railroad company, was dismissed, on the ground among others that the identity of the property purchased with the money of the bank could not be ascertained: *Held*, that such decree was a bar to a new bill brought for the same purpose, and substantially the same as the first except that it contained an averment which was not in the first bill, to the effect that the complainant had reduced to judgment his claim against the officers of the bank for the misappropriated funds.

[See note at end of case.]

In equity. This cause was submitted on the bill, pleas, replication and evidence. The bill alleged in substance that G. T. Beauregard, Thomas P. May and A. C. Graham formed, about the 18th of April, 1866, a partnership under the name of G. T. Beauregard, Lessee; that said partnership leased from the New Orleans & Carrollton Railroad Company, for a term of twenty-five years, its railroad and other property appurtenant thereto, and spent large sums of money in repairing and rebuilding said railroad, and in purchasing real estate for the use of said road, which real estate is described in the bill. It is further alleged that all or nearly all the money paid out by Beauregard. Graham and May, for the purchase of said lease and expended in making improvements on and equipping said road, and in conducting its business, was obtained from the First National Bank [of New Orleans]; that the partnership opened an account with the bank in the name of "G. T. Beauregard, Lessee," and became indebted to the bank for money advanced in the sum of $237,008. The bill further stated that the complainant [Frank F. Case], in his capacity of receiver of said bank, brought suit on the law side of this court against said partners Beauregard, Graham and May, on their said indebtedness; and that on the 26th of February, 1873, he recovered a judgment against Beau-

regard and May for $79,002 each, that being their respective virile shares of said debt as ordinary partners, but that Graham, not having been found, no judgment was or could be rendered against him. Executions were issued on said judgments and returned nulla bona. [See Beauregard v. Case, 91 U. S. 134.] The bill further averred that the bank had a lien and privilege upon all the property of the partnership, and had a right to be paid out of the same in preference to creditors of the individual partners. The bill further alleged that Graham and May had conveyed their interest in said property; that the partnership assets came into the possession and ownership of Beauregard and certain other persons, to wit, Bonneval, Binder and Hernandez; that in consideration that said railroad company would assume all the debts of said partnership of "Beauregard, Lessee," and give to said Beauregard, Bonneval, Binder and Hernandez, 4,000 shares of the capital stock of the company, they transferred to the said company the said lease and all the other property belonging to said partnership of Beauregard, Lessee. The bill charged that these transfers to Bonneval, Binder and Hernandez, and from them and Beauregard to the railroad company, were made with a full knowledge on the part of the transferees of the rights of the bank in the property transferred. The prayer of the bill was that the court would decree that there was due the complainant, as receiver as aforesaid, from the partnership of Beauregard, Lessee, the said sum of $237,008 with interest, and by each of the partners one third of said sum; that the New Orleans & Carrollton Railroad Company might be condemned to pay to him the sum so due, as aforesaid, from said partnership, and that all transfers and conveyances of said partnership property might be declared void. The plea in bar filed by the defendants to this bill was to the effect that on the 4th of June, 1870, the said complainant had filed his bill in this court against the same corporation and the same natural persons as are defendants in this bill, setting forth substantially the same cause of action and praying the same relief as is sought in this suit; that defendants had answered said bill and the complainant had filed a replication to the said answer, and testimony was taken by both parties, and on the 14th of June, 1871, the cause was submitted to this court, which on the 15th of June, 1871, rendered a decree dismissing the complainant's bill with costs. To this plea the complainant filed his replication, and the cause was submitted upon the issue thus formed.

J. D. Rouse and W. W. King, for complainant.

John A. Campbell and Henry C. Miller, contra.

WOODS. Circuit Judge. The evidence submitted to sustain the plea, to wit, the record

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in Case v. Beauregard, 101 U. S. 688.]

and decree of the court which is pleaded as a bar to this suit, shows that the bill in the former case made substantially the same averments with a single exception, to be hereafter noticed, and prayed the same relief as the present bill. The averments in the present bill not contained in the former one are those to the effect, that the complainant had recovered judgments against Beauregard and May, in an action at law each for his virile share of said indebtedness; that execution had issued and been returned nulla bona; that May had gone into bankruptcy, and that Graham was out of the jurisdiction of the court. The first bill, however, averred that Beauregard, Graham and May were all insolvent.

It is evident that the substantial difference between the two cases lies in this, that the first bill lacked the averment which the present bill contains, that the claim of the complainant against the partnership of "Beauregard, Lessee," had been sued to judgment as against Beauregard and May, and that execution had been issued thereon and returned unsatisfied. The answer to the first bill insisted that the various transfers by which the railroad company acquired title to the property of the partnership of Beauregard, Lessee, were valid, and the title of the company indefeasible, denied that the complainant or the bank ever had any lien or privilege thereon, or that said property was in any manner bound for the indebtedness of said partnership, or that the railroad company ever assumed or bound itself for the same, and denied all the allegations of the bill charging said company or said property acquired by it with any liability whatever to complainant or the bank of which he was receiver.

The original case was tried at the April term, 1871, of this court, by Mr. Circuit Justice Bradley, by whom it was decided in a written opinion to be found in 1 Woods, 125 [Case v. Beauregard, Case No. 2,487]. One of the grounds upon which the court decided against the complainant and dismissed his bill is stated, as shown by the report, as follows: "The first ground of relief, namely, that the property belongs to the bank, or is held in trust for the bank, because purchased with the money of the bank, is clearly untenable. Beauregard & Co. were engaged in business which required a considerable amount of funds, and became large borrowers of the bank. With the money thus obtained, and with other money derived from the proceeds of their business and other sources, they paid expenses, made repairs, bought cars, horses, and other property, and found themselves at the end of the year largely behind. The bank is their creditor, and considering May's peculiar relations, it has cause to make a charge of official misconduct against him; but how can that entitle the bank to claim the property of the firm as its own? The identity of the property purchased or procured with the money of the bank cannot be ascertained. It was mingled with the other money of the firm, and the whole mass was indiscriminately used for all the purposes of the company. Can the receiver point to a single car, or horse, or lot of ground, and say, this was purchased with the money of the bank? Other creditors of the firm have become interested, and nothing but inextricable confusion would ensue if any such claim were allowed to prevail. Where trust property is converted and the proceeds can be identified, it may undoubtedly be followed by the cestuis que trust, and brought back to be appropriated to its original purposes. Money of a bank misappropriated or embezzled by its officers may undoubtedly be followed up in the same way, if the money itself or its proceeds can be identified, and no innocent person is injured by its recovery. But supposing the money now in question could be regarded as thus misappropriated, the impossibility of identifying it and of doing justice to third parties, renders the application of the principle impracticable." See Case v. Beauregard [supra]. This ground, upon which, among others, the bill was dismissed, is entirely independent of the fact, whether the claim of the complainant had been reduced to judgment or not. The court, in effect, has decided, that with or without a judgment, the relief prayed by the bill cannot be granted. The case, in every shape it may assume, has been decided against the complainant and the bill dismissed. He cannot relieve himself of the effect of the decree of dismissal by putting his claim in judgment. That would be simply to add an entirely immaterial fact to the case he had made by his first bill.

The present bill, as already stated, differs from the bill which was dismissed in the single fact, that it avers that the debt due to complainant had been reduced to judgment. The court is, therefore, asked to decide, whether this fact changes the title of the complainant to the relief he prays. The court has, in the first case, decided that precise question, and held that it does not. The questions presented by this bill have been decided by this court. They cannot be raised again by adding an immaterial fact to the record. In my judgment, the plea is sustained by the proof, and there must be a finding and decree for defendants, and the bill must be dismissed with costs.

[NOTE. Complainant appealed to the supreme court, which affirmed the decree below dismissing the bill, and held that the decree on the former hearing (Case No. 2,487) determined the equities of the case, whether the reasons for dismissal were sound or not, and that that decree, having been affirmed by the supreme court on the merits, was an adjudication upon complainant's equity to be paid out of the property in the hands of the railroad company, and a bar to the complainant's present claim; and, further, that the court would not reconsider the question or determine as to whether the

bank has a lien on the property sought to be charged, or whether there had been a trust in its favor. Case v. Beauregard, 101 U. S. 688.]